IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WANDA WALDON,<br><br>        Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | Case No. 3:13-cv-00150-RRB |

**ORDER TO SHOW CAUSE**

Wanda Waldon, representing herself, has filed an Amended Complaint against the Internal Revenue Service ("I.R.S."), along with an Application to Waive the Filing Fee.[1] Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to review the Amended Complaint, and to dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of the

---

[1] Docket 5; *see also* Fed.R.Civ.P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . .").

[2] S*ee also Lopez. v. Smith*, 203 F.3d 1122, 1129 n. 10 (9th Cir. 2000) ("It is true that 1915(e)(2)'s provision for dismissal for failure to state a claim itself penalizes indigent non-prisoner plaintiffs for the alleged abuses of prisoner plaintiffs. However, Congress inserted 1915(e)(2) into the in forma pauperis statute, and we must follow this clear statutory direction."); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (Non-prisoner action where "[t]he district court . . . properly concluded that Calhoun's complaint should not be allowed to proceed.").

doubt.[3]  Before the Court may dismiss Ms. Waldon's Amended Complaint, the Court must provide her with a statement of the deficiencies and an opportunity to amend, unless it is clear that amendment would be futile.[4]

As a federal court, this is a Court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Ms. Waldon's burden, as the plaintiff, to show that the Court has jurisdiction to hear her claims.[5]

Exhaustion of Administrative Remedies

Because Ms. Waldon has brought suit against the I.R.S., before this Court may address her claims, she must exhaust her administrative remedies. Title 26 U.S.C. § 7433 provides that although taxpayers may bring certain civil actions in federal court, "[a] judgment for damages shall not be awarded under subsection

---

[3] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted); *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) ("We are particularly careful to give claims raised by *pro se* petitioners their most liberal construction.") (citation omitted).

[4] *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2008) ("*Pro se* complaints . . . may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (citations and internal quotations omitted); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) ("The district court did not err in denying leave to amend because amendment would have been futile.").

[5] *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

(b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."[6] The federal regulations provide as follows:

> No civil action in federal district court prior to filing an administrative claim--(1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:
>
> (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or
>
> (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.
>
> (2) If an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations.[7]

The exhaustion requirement is jurisdictional[8] – that is, the Court has no jurisdiction over a case until a plaintiff exhausts his or her administrative remedies.[9]

---

[6] 26 U.S.C. § 7433(d)(1).

[7] 26 C.F.R. § 301.7433-1(d); *see also* § 301.7433-1(e) ("Procedures for filing an administrative claim" with the I.R.S.); § 301.7433-1(f) ("No action in federal district court for any sum in excess of the dollar amount sought in the administrative claim."); 301.7433-1(g) (2-year statute of limitations).

[8] *See Black's Law Dictionary* (9th ed. 2009) (Jurisdiction is "[a] court's power to decide a case or issue a decree.").

[9] *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992).

**IT IS HEREBY ORDERED** that:

1. On or before **October 7, 2013**, Ms. Waldon must file a Response to Order to Show Cause on the enclosed Court form. In her Response, Ms. Waldon must show that she exhausted her administrative remedies before timely filing this action. She must *attach documentation to her Response, showing such exhaustion*.

2. If Ms. Waldon does not fully comply with this Order, this action will be dismissed without further notice.

3. The Clerk of Court is directed to send form PS07, Response to Order to Show Cause, to Ms. Waldon with this Order.

4. In the alternative, on or before **October 7, 2013**, Ms. Waldon may file the enclosed Notice of Voluntary Dismissal, without prejudice, so that she may properly exhaust her administrative remedies. If Ms. Waldon is not satisfied with the agency action, she may then file a timely new federal court action.[10]

5. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Ms. Waldon with this Order.

---

[10] *See Scharringhausen v. United States*, 686 F.Supp.2d 1069, 1073, 1074 (S.D.Cal. 2009) ("If the Court does not have jurisdiction over a claim [and dismisses because the plaintiff has not exhausted his or her I.R.S. remedies], then it is not able to reach the merits of that claim." But once "the administrative remedies have been exhausted, and the Court . . . has proper jurisdiction" it may address the plaintiff's claims.) (citing *Conforte*, *supra*) (additional citations omitted).

6.  No further action will be taken until Ms. Waldon fully complies with this Order.

7.  The Clerk of Court is directed to send the District Court's handbook, "Representing Yourself in Alaska's Federal Court," to Ms. Waldon with this Order.

DATED at Anchorage, Alaska, this 5th day of September, 2013.

<u>/s/ RALPH R. BEISTLINE</u><br>
United States District Judge